Peck, J.
Erom the facts stated in the answer and admitted by the demurrer, it appears that, owing to the resignation of W. W. Bierce of the office of probate judge, in the spring of 1857, it was the duty of the sheriff of Pickaway county to have advertised an election in the fall of that year, among other offices, for that of probate judge for the constitutional term of three years, and also of a probate judge for the unexpired residue of the term of Judge Bierce. The sheriff, however, failed to give such notice, proclaiming merely an election of one probate judge, without indicating in his proclamation whether such judge, to be *625 elected, was for the full or the unexpired term. And it further appears, that at that October election, the electors, in accordance with said proclamation, deposited their ballots for the persons of their choice as probate judge merely, and the defendant, having, at that election, received a majority of the votes cast for said office, was declared duly elected, and received a commission as such probate judge “ for the term for which he was elected; ” the commission not otherwise designating the duration of his said term.
The defendant, regarding such election as for the full constitutional term, shortly before the expiration of the term for which Judge Bierce had been elected, gave an official bond, to the acceptance of the county commissioners, took the oath of office, and shortly after the commencement of the constitutional term, took possession of, and has ever since used and exercised said office.
Under this state of fact, the questions arise, whether, under the circumstances, the defendant acquired, by virtue of such election and his subsequent qualification, the office of probate judge for any term whatever, and if so, for what term ? If for the full constitutional term, then the election of Thrall, in October, A. D. 1858, was void, there being no vacancy, and the defendant is still the lawful holder of said office; hut if the said election of defendant was void for uncertainty, or if it was only for the unexpired residue of the term of Judge Bierce, then the election of Walter Thrall, in October, 1858, was a valid election, and entitles him to the office and its emoluments, and defendant is an intruder therein.
It is claimed by the relator, that the election of the defendant to the office of probate judge, at the fall election of 1857, was void for uncertainty; or if not so void, it must be held and taken to be an election for the unexpired residue of Judge Bierce’s term only, and, consequently, that the defendant acquired thereby no right or title to the office for the constitutional term of three year’s, commenceing at the expiration of Bierce’s official term. While the *626 defendant insists that the proclamation by the sheriff, and the subsequent election by the people, being for a probate judge generally, referred to both the general and special terms, which by the constitution and laws should have been filled at that election, and the successful candidate, if only one, became thereby entitled to both offices, and, being in their nature several, he might rightfully decline the one and accept the other; or, at all events, that proclamation of, and balloting for, a probate judge generally, must, in such case, be regarded as a voting for, and election of, a probate judge for the constitutional term, such office being legally before the people, at that time, for their suffrages, and not necessarily inconsistent with the terms of the proclamation.
The constitutional and legislative provisions involved in the solution of these questions, are sections 7 and 13 of the 4th article, and section 4 of the schedule of the constitution ; and sections 4 and 9 of the “ act to regulate the election of state and county officers.” Swan’s Stat. 341.
The 7th section of article 4 of the constitution creates the office of probate judge in each county, and prescribes Ms term of office to be three years; and section 4 of the schedule provides that the first election of probate judges shall be held on the second Tuesday of October, 1851, and their official terms shall commence on the second Monday of February, 1852, which happened to be the 9th day of that month; so that the official term claimed by the defendant, is the third regular term under the constitution. And the 13th section of said 4th article provides, that “ where the office of judge shall become vacant before the expiration of the regular term for which he was elected, the vacancy shallbe filled by appointment of the governor, until a successor shall be elected and qualified; and that such successor shall be elected for the unexpired term, at the first annual election that occurs more than thirty days after the vacancy shall have happened.”
"While section 4 of the act regulating elections makes it *627 the duty of the sheriffs, of the several counties, fifteen days prior to every general election, to “ give public notice by proclamation throughout their counties, of the time of holding such elections, and the number of officers at that time to be chosen.” And the 9th section of the same act provides, that each elector, in exercising the privilege of elector at such election, “ shall, in full view, deliver to one of the judges of the election a single ballot or piece of paper, on which shall be written or printed the name of the person voted for, with a pertinent designation of the office he or they may he intended to fill.”
These provisions, constitutional and statutory, clearly show that, upon the facts set forth in the answer and admitted by the demurrer, it was the duty of the sheriff of Pickaway county, in his proclamation of the October election, for 1857, to have advised the voters that a probate judge was to be elected to fill the vacancy occasioned by the resignation of Judge Bierce, and also a probate judge to be elected for the constitutional term; and then it would have been the duty of the voters, in their ballots, to have designated their choice of persons for both the long and the short term. The two offices are distinct, and should be separately voted for, though not being inconsistent, the same individual might have been voted for for both offices. This the sheriff failed to do, and issued his proclamation as if but one judge was to be elected, and that one for the regular or constitutional term; and only one vote for probate judge was given by each elector, and no limit assigned thereon to the duration of his office. The successful candidate could not, in our opinion, fill both offices, as claimed by the defendant. No election was called for both, and the ballot, under the law and the constitution, could not embrace both; and the electors had no vacancy in view. Could he then claim either, and if so, which, or was the election void for uncertainty, as claimed by the relator 1 The call was to elect one probate judge, without more — not a call to fill a vacancy, nor to elect in the place *628 of one who had resigned. It was a call suited only to an election of a judge for the full term fixed by the constitution. The people were advised, by that instrument, that that election was the time when such a judge was to be elected, and may well be supposed to have known that fact, while they probably were, most of them, ignorant that an occasion had arisen for the election of a judge for the brief period which would elapse between that election and the 9th day of February next succeeding; and the proclamation, so far from advising them of that fact, had a contrary tendency — i. e. that there was no such vacancy to be filled. There can be no doubt but that those who participated in that election, voted for the defendant and his opponent for the full constitutional term which was then to be filled, and not to fill the intervening vacancy of about three months, of the existence of which, many, if not all, were ignorant, and as to which the proclamation did not advise them. Every reasonable intendment must be made in favor of the validity of the election; and it would not do, under such circumstances, to hold, that the election was void for uncertainty; still less would it answer to hold, that the election must be applied to the brief period which intervened between that time and the succeeding February —an office to which the candidate certainly did not aspire, and one which no elector supposed he was conferring upon bim. The term of three years as the duration of a probate judge’s office is the general rule under the constitution; terms to fill vacancies the exception. The office of probate judge, when announced in the call for an election, or inscribed upon the ballot of the elector, without limit or qualification, prima facie, at least, imports a term of three years; and such, in our judgment, was the character and duration of the office which, under the averments of the answer, the defendant was elected to fill in October, A. I). 1857.
The election of a probate judge for a full term at that election, was one of the regular duties enjoined by the con *629 stitution itself; the duty to fill a vacancy is but an occasional one, and did not become a duty upon the electors until informed that such vacancy had occurred. No such information was embodied in the sheriff’s proclamation, and, for aught that appears, the great body of the electors were ignorant of its existence. The rational as well as legal presumption is, that the electors, in voting for probate judge, upon that occasion, sought to discharge a known duty required of them by the constitution and laws, and not a duty of which they may fairly be presumed to have been ignorant, and as to which, certainly, the notice for the election did not advise them.
The demurrer admits that the defendant was elected probate judge of Pickaway county, in October, 1857, the time fixed by the constitution and laws for an election for a full term; that he has accepted said office, given bond, and been duly qualified and commissioned; that he is now in full possession of the office, fulfilling its duties, and receiving its emoluments. And if these facts be so, we regard him as legally elected for the third constitutional term of probate judge in Pickaway county. There was not, then, any vacancy in that office when Walter Thrall was elected, nor will there be any vacancy therein, if the answer is true, unless the defendant should die or resign, until February 9, 1861.
The demurrer to the answer of the defendant is therefore overruled; and no application being made to reply to the answer, the information will be dismissed, and judgment entered for the defendant.
Swan, C. J., and Brinkerhoff, Scott and Sutliff JJ., concurred.